# UNITED STATES PROBATION OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

### AMENDED PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Dominic Brown  **Docket Number:** 3:21-CR-00104-001

**Name of Sentencing Judicial Officer:** The Honorable Katherine A. Crytzer
United States District Judge

**Date of Original Sentence:** October 21, 2021

**Original Offense:** Possession of a Firearm by a Prohibited Person, in violation of Title 18 U.S.C. § 922(g)(3)

**Class:** C Felony  **Criminal History Category:** I

**Original Sentence:** 24 months imprisonment, followed by three (3) years on supervised release

**Supervised Release Revoked – April 8, 2024:** Three (3) months imprisonment, followed by 24 months supervised release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** June 6, 2024

**Date Supervision Expires:** June 5, 2026

**Assistant U.S. Attorney:** Michael Thomas Gilmore

**Defense Attorney:** Jonathan S. Wood

**Revocation Guideline Range:** 4-10 months  **Statutory Maximum:** 2 years
(Grade B violation)

*******************************************

### PETITIONING THE COURT

The probation officer believes that Mr. Brown has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #3:** The defendant must refrain from unlawful use of a controlled substance. |

On June 6, 2024, Mr. Brown was referred to Helen Ross McNabb for substance abuse treatment. He failed to attend his initial appointment, as instructed by this officer.

On July 12, 2024, Mr. Brown submitted a random drug screen at the United States Probation Office that tested positive for Marijuana. He signed a Chain of Custody form and admitted to having last used Marijuana on July 10, 2024.

On July 12, 2024, Mr. Brown was again instructed to report to Helen Ross McNabb for substance abuse treatment.

On August 7, 2024, Mr. Brown submitted a random drug screen at the United States Probation Office that tested positive for Fentanyl and Marijuana. He denied usage and the test was sent to Abbott Toxicology for confirmation. On August 15, 2024, the test was confirmed positive for Fentanyl and Marijuana.

Mr. Brown was given another appointment with Helen Ross McNabb to begin substance abuse treatment. The appointment was set for August 13, 2024. Mr. Brown failed to attend the appointment and was not excused by this officer from participating in treatment services.

On August 29, 2024, Mr. Brown submitted a random drug screen at Midway Rehabilitation Center that tested positive for Marijuana. However, this could have been residual use from the drug test submitted on August 7, 2024.

On September 9, 2024, this officer met with Mr. Brown at his residence for a noncompliance meeting. The conditions of supervision were reiterated, and Mr. Brown was warned that his continued drug use could result in revocation. Mr. Brown was reinstructed to report to Helen Ross McNabb for substance abuse treatment.

On October 18, 2024, Mr. Brown submitted a random drug screen at the United States Probation Office that tested positive for Marijuana. He signed a Chain of Custody form and admitted to having last used Marijuana on September 28, 2024 (his birthday).

On November 20, 2024, Mr. Brown texted this officer and said "hey my color got called today I know you said you'd wait til the next visit. Do I wait?" This officer immediately responded to Mr. Brown "Report today. Your last positive result was October 18, 2024, so you should be clean now". Mr. Brown responded, "I smoked some weed in late October I might still be positive that's why I asked".

On November 20, 2024, Mr. Brown submitted a random drug screen at Midway Rehabilitation Center that tested positive for Marijuana, Amphetamine, and Cocaine. Mr. Brown signed a Chain of Custody form and admitted to having used Marijuana in "early November", but he denied

having used any other substance. Therefore, the urine sample was sent to Abbott Toxicology for confirmation testing. On November 26, 2024, the test was confirmed positive for Marijuana, Amphetamine, and Cocaine.

2     **Standard Condition #7:** The defendant must work full-time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant work or anything about the defendant's work (such as the defendant's position or job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Mr. Brown reported working some short-term, temporary jobs a few times during his term of supervision, but has failed to provide verifiable proof of full-time employment. He has the ability to work, and he has not been excused from obtaining employment by this officer.

3     **Special Condition #1:** The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer.

Mr. Brown was referred to Helen Ross McNabb (HRM) at the beginning of his term of supervised release. He had several initial appointments with HRM that he failed to attend. Mr. Brown was provided with the contact information for Angelic Ministries' halfway house program, but he failed to follow through with the referral for the program. Mr. Brown has failed to participate in substance abuse treatment, as directed by this officer.

4     **Mandatory Condition #1:** The defendant must not commit another federal, state, or local crime.

5     **Standard Condition #10:** The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

On March 23, 2025, Dominic Brown was charged by the Knoxville Police Department with the following offenses:

(1) Reckless Endangerment Vehicle/Misd., in violation of T.C.A. § 39-13-103, a class A Misdemeanor (Warrant @1588303)

(2) Possession of Handgun – Convicted Felon, in violation of T.C.A. § 39-17-1307(c)(1), a class E Felony (Warrant @1588304)

The above listed charges have not been served on Mr. Brown as he is currently receiving medical treatment at the University of Tennessee Medical Center and Knoxville Police Department has an active hold on Mr. Brown. Officer Olson of the Knoxville Police Department, completed an Arrest Report and describes the incident as follows:

On March 23, 2025, at 18:41 hours, Officer B. Olson (2436) responded to an Aggravated Assault at 5503 Broadway St. Knoxville, Tennessee, 37918.

Officer Olson was dispatched to the listed address after several different complainants notified emergency services that a vehicle had just rolled over several times on Broadway and burst into flames. Officer Olson arrived on scene and observed a Nissan Pathfinder bearing TN tag 224BNQY laying on its side while entirely consumed by flames. Numerous witnesses informed the officer that there was no one left in the vehicle, but a male defendant had crawled out and ran behind 5503 Broadway while carrying firearm. Witnesses stated that a female had also crawled out of the vehicle and was laying nearby.

Officer Olson ran around 5503 N. Broadway and observed the defendant Dominic Brown sitting on a steep hill behind the building. The defendant was yelling at a witness that he "had warrants" and to leave him alone. While approaching the defendant witness Kurt Shaffer informed the officer that he had seen the defendant brandish a firearm and dumped it close by. Officer Dunn arrived on scene with his trainee Officer Paunic. Mr. Shaffer directed Officer Paunic to a gutter where a Glock 17 (SN BTAR564) was recovered with an extended magazine inserted. A round was chambered with an additional 19 rounds in the magazine. Mr. Shaffer stated that he observed the defendant place the firearm in the gutter while running behind the building.

The defendant had obvious trauma to his face and legs. He was unable to move and made a comment that he made it this far from the wreck due to adrenaline. AMR arrived on scene with Knoxville Fire Department. First responders made a collective decision to drag the defendant up the hill where an ambulance could reach him. The defendant was transported to UT medical center.

Officer Barnett located the female passenger of the vehicle that had crawled out and identified her as victim Kaitlyn Strozier. Kaitlyn stated that the defendant was traveling South on Broadway at a high rate of speed, and she asked him to slow down several times. Kaitlyn stated that the defendant refused to slow down and ended up losing control of the vehicle. Kaitlyn was transported to UT Medical Center. Officer Seaman arrived on scene and spoke to victim/witness Cathy Cox. Ms. Cox stated that she was driving her vehicle and observed the wreck take place. Ms. Cox stated that she exited her vehicle and approached the defendant to ensure he was okay. Ms. Cox stated that while she was approaching the defendant, he pointed a firearm at her. Witness Kurt Shaffer corroborated this statement after he told Officer Seaman that he observed the defendant point a firearm

at Ms. Cox after she attempted to help him. Ms. Cox ultimately declined to prosecute after informing officers that she did not want to be involved.

Officers also spoke with witness Dusty Suttles. Mr. Suttles stated that he was driving South on Broadway when the defendant began tailgating him. Mr. Suttles stated that the defendant attempted to pass him at a high rate of speed. Mr. Suttles stated the defendant lost control of his vehicle and it rolled several times.

Officer Olson then called USPO Aaron Powell. After speaking to Mr. Powell, Officer Olson determined the defendant was previously convicted of Possession of a Firearm by a Prohibited Person. A hold was placed on the defendant at UT Medical Center.

This did occur in Knoxville Knox County Tennessee.

**On March 31, 2025, a PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION was submitted to the Court, and a Warrant was issued. A new federal indictment, in Docket Number 3:25-CR-00045-001, has now been returned related to the conduct outlined above. This officer requests that the Petition be amended to include the following information:**

The Grand Jury charged in Docket Number 3:25-CR-00045-001, that on or about March 23, 2025, in the Eastern District of Tennessee, the defendant, Dominic Deangelo Brown, knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

**Assessment of Flight/Danger and Bond Recommendation:** According to the Presentence Report, Mr. Brown has a criminal history that began at 15-years-old, in 2016, and includes the following arrests: Runaway, Criminal Trespass, and Criminal Impersonation (10/13/2016, Knox County, TN); Runaway (11/7/2016, Knox County, TN); Runaway (4/19/2017, Knox County, TN); Runaway (8/9/2017, Knox County, TN); Schedule VI Drugs: One-Half Ounce to 10 Pounds of Marijuana, Underage Consumption, Possession of a Firearm with Intent to go Armed During a Dangerous Felony, and Possession of a Firearm while Under the Influence (1/11/2020, Knox County, TN); Domestic Assault, Assault, Disorderly Conduct, Evading Arrest, Resisting Arrest, and Inciting to Riot (5/31/2020, Knox County, TN). According to the Presentence Investigation Report, Mr. Brown also had previous gang affiliation with the Up gang and Gangster Disciples.

Mr. Brown has been provided numerous opportunities to participate in substance abuse treatment and has failed to follow through with referrals. Mr. Brown's continued use of controlled substances has made him subject to Title 18 U.S.C. § 3583(g)(4), that provides for mandatory revocation due to testing positive for an illegal controlled substance more than three times over the course of one year.

Mr. Brown currently stands accused of pointing a loaded firearm at a lady who was attempting to assist him in a time of need. In addition, Mr. Brown operated a vehicle (Pathfinder) in a manner that endangered the lives of numerous persons in the community. Based on Mr. Brown's history

of violence, evading arrest, and continued use of controlled substances, this officer believes he poses a danger to the community and risk of flight and/or nonappearance at future Court hearings. It appears there is no condition or combination of conditions that will ensure the safety of the public. Therefore, this officer recommends that Mr. Brown be detained pending a revocation hearing.

**Petitioning the Court to order:**

That the Petition for Warrant for Offender Under Supervision issued on March 31, 2025, be amended to include the information outlined in the new federal indictment, that is Docket Number 3:25-CR-00045-001.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 8, 2025.

Respectfully submitted,

_E. Aaron Powell_	05/08/2025
E. Aaron Powell	Date
United States Probation Officer
Knoxville Division

APPROVED:

_Travis Worthington_	05/08/2025
Travis Worthington	Date
Supervisory United States Probation Officer

EAP:asm

---

**ORDER OF COURT:**

That the Petition for Warrant for Offender Under Supervision issued on March 31, 2025, be amended to include the information outlined in the new federal indictment, that is Docket Number 3:25-CR-00045-001. The defendant is ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked.

So Ordered.

**ENTER.**

_Katherine Crytzer_
The Honorable Katherine A. Crytzer
United States District Judge